# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| APRIL GAINES, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-15-0591-HE |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff April Gaines ("Gaines") filed this appeal from the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits. Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to U. S. Magistrate Judge Suzanne Mitchell, who has recommended that the Commissioner's decision be affirmed. Gaines has filed an objection to the Report and Recommendation. Having conducted a *de novo* review, the court concludes that the Report and Recommendation should be adopted.

Plaintiff applied for supplemental security income benefits, alleging she became disabled on November 24, 2010.[1] Her applications were denied on initial consideration and reconsideration. Plaintiff then requested a hearing by an administrative law judge ("ALJ"). The ALJ held a hearing and issued an unfavorable decision on August 29, 2013, concluding plaintiff could perform past relevant work as a telemarketer and a dispatcher, and that

---

[1]*Plaintiff initially claimed a disability onset date of August 5, 2008, but amended it to November 24, 2010. Record on Appeal ("ROA") at 30.*

plaintiff was therefore not disabled under the Social Security Act. The Appeals Council denied plaintiff's request for review, so the ALJ's decision is the final decision of the Commissioner.

Review of the Commissioner's decision is limited to "whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." Vigil v. Colvin, 805 F.3d 1199, 1201 (10th Cir. 2015). Substantial evidence is relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." Hendron v. Colvin, 767 F.3d 951, 954 (10th Cir. 2014). The evidence cannot be reweighed on judicial review, but evidence supporting the Commissioner's decision can be "overwhelmed by other evidence in the record." Knight ex rel. P.K. v. Colvin, 756 F.3d 1171, 1175 (10th Cir. 2014).

Gaines raises two errors for review in her objection to the report and recommendation.[2] First, she argues the ALJ incorrectly determined that Gaines was able to meet the job demands of her past relevant work as a telemarketer or a dispatcher. Second, Gaines asserts the ALJ erred by not accounting for Gaines's use of a walking cane.

Plaintiff's first argument is based on alleged inconsistencies between the requirements of her past relevant work and the findings of her Residual Functional Capacity ("RFC").

---

[2]*A party must include timely and specific objections to the magistrate judge's report and recommendation to preserve those objections for review. Collins v. Colvin, No. 15-6073, 2016 WL 66503, at \*\* 1–2 (10th Cir. Jan. 6, 2016). Although plaintiff's objection began by "incorporat[ing] by reference [t]herein, all of the arguments she made in h[er] Brief in Chief," Doc. No. 23, at 1, that effort lacks sufficient specificity to preserve any arguments for review. See Collins, 2016 WL 66503, at \*2 ("[W]e disfavor briefing by incorporation . . . ."). Therefore, arguments raised in briefing before Judge Mitchell and not raised in the objection to the report and recommendation are waived.*

Both telemarketer and dispatcher jobs are classified in the Dictionary of Occupational Titles ("DOT") at a reasoning level of three, defined as requiring the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form," and "[d]eal with problems involving several concrete variables in or from standardized situations." Dep't of Labor, DOT, 4th ed. rev., App. C, 1991 WL 688702. The ALJ found Gaines's RFC to be limited to performing simple to detailed tasks with routine supervision. Thus, Gaines argues, the ALJ failed to consider this inconsistency and impermissibly relied on the vocational expert's opinion that Gaines could perform her past relevant work.

When a vocational expert testifies about the requirements of a job, the ALJ has an affirmative duty to ask about any possible conflict between the testimony and the DOT. Gibbons v. Barnhart, 85 F. App'x 88, 93 (10th Cir. 2003) (citing Social Security Ruling 00–4p, 2000 WL 1898704). Once the vocational expert affirms that there is no conflict, the ALJ has no further duty to investigate for conflicts absent some apparent discrepancy. Id.

Here, the ALJ specifically asked the vocational expert if there was any conflict between the expert testimony and the DOT, and the expert confirmed there was not. ROA at 75. There is also no apparent conflict between the reasoning level definition in the DOT and the limitations in the RFC. As Judge Mitchell correctly observed, the Tenth Circuit Court of Appeals has noted there is seeming inconsistency between the demands of level-three reasoning and a restriction to simple, repetitive tasks. Doc. No. 22, at 13 (citing Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005)). However, Gaines was

3

determined to be able to perform tasks more detailed than just simple, repetitive tasks. The plain language of the DOT definition reveals no apparent inconsistency with that capability, either. Thus, the ALJ properly relied on the vocational expert's testimony that Gaines could meet the job demands of her past relevant work.

Gaines's second argument is directed to the ALJ's determination of her RFC, in which the ALJ did not account for Gaines's use of a walking cane. Specifically, Gaines claims the ALJ discounted her use of a cane on the incorrect basis that Gaines did not have a prescription for the cane.

It is true that use of an assistive device, such as a walking cane, does not need to be prescribed in order to be relevant to an RFC determination. Staples v. Astrue, 329 F. App'x 189, 191–92 (10th Cir. 2009) (citing Social Security Ruling 96–9p, 1996 WL 374185, at *7). Thus, it is error to rely on the lack of a prescription for a cane. Id. However, this error is harmless if the administrative record reveals no medical documentation establishing the need for the cane. Id., at *3.

Here, the court's review of the record produces no documentation establishing the need for a walking cane. Various records note when plaintiff uses a cane or does not use a cane, and one report ascribes the use of the cane to complaints of right leg pain, ROA at 446. But no report expresses an opinion that the cane is necessary or, as required by SSR 96–9p, describe the circumstances in which the cane is needed, such as for certain periods of time, distances, or terrain. As such, to the extent the ALJ has erred by relying on the lack of a prescription for the assistive device, the error is harmless.

4

Accordingly, the Report and Recommendation [Doc. No. 22] is **ADOPTED** and the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated this 7th day of June, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE